IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10217
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES C. NOWDEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-85-1
--------------------
November 3, 2000

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Charles Cleveland Nowden appeals the three-year sentence imposed by the district court after it found that he had violated four conditions of his supervised release. Nowden argues that the district court committed reversible error at sentencing by failing to consider the applicable sentencing guidelines and policy statements in determining his sentence and that the sentence which resulted from an upward departure from the guidelines is plainly unreasonable. Because Nowden did not raise

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

these arguments in the district court, review is for plain error only.  See FED. R. CRIM. P. 52(b).

In sentencing a defendant following the revocation of his supervised release, a district court is required to consider, but is not bound by, the policy statements contained in Chapter 7 of the sentencing guidelines.  See United States v. Mathena, 23 F.3d 87, 93 (5th Cir. 1994).  Our review of the record reveals that the district court considered, yet rejected, the range of imprisonment suggested by the policy statements.  The district court sentenced Nowden to three years' imprisonment, which did not exceed the maximum term of imprisonment authorized under § 3583(e)(3).  Thus, the sentence was lawful.

Nowden's argument that his sentence represents an upward departure from the guidelines is unavailing.  A sentence which diverges from advisory policy statements is not a departure. Mathena, 23 F.3d at 94 n.13.  In light of the number and nature of violations committed by Nowden, the district court specifically found a need to impose a sentence that would serve as a deterrent to further criminal activity by Nowden and as punishment for his actions.  As the district court was within its discretion in considering these factors, the sentence cannot be said to be plainly unreasonable.  See 18 U.S.C. §§ 3583(e), § 3552(a).

The district court did not err, plainly or otherwise, in sentencing Nowden to three years' imprisonment following the revocation of his supervised release.

AFFIRMED.